# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### November 16, 2004 Session

## STATE OF TENNESSEE v. BARRY WAYNE DUNHAM

### Appeal from the Criminal Court for Macon County
### No. 97-71   J. O. Bond, Judge

---

### No. M2003-02802-CCA-R3-CD - Filed March 1, 2005

---

JOSEPH M. TIPTON, J., dissenting.

I concur in most of the reasoning and results reached in the majority opinion. I respectfully disagree, though, with the conclusion that Dr. Goetting was not qualified to testify as an expert in this parent-child homicide case. The trial court excluded her testimony because it was the first time she had testified in such a case, she was a sociologist, and she relied on facts that were not in evidence. It concluded that her testimony would not be a substantial help to the jury.

As the majority opinion concedes, Dr. Goetting's testifying in a case of patricide for the first time and relying on information not in evidence did not justify excluding her testimony. The fact that she was a sociologist also would not justify her being barred from testifying.

However, the majority opinion questions the relevance and reliability of Dr. Goetting's testimony. It states that neither she nor the defense offered evidence regarding Dr. Paul Mones' qualifications or whether her correlation between battered wives who kill husbands and battered children who kill parents was commonly recognized and accepted among professionals in her field. This view ignores Dr. Goetting's own testimony. She said that she had extensively studied women who had killed their husband's "in self-defense" relative to physical and psychological views and that she had published her research with peer review. She had not personally studied children who killed their parents, but she had read the works of Paul Mones, who she indicated was the lead expert regarding such children. She said there was a "lot of similarity between the two" because they involve cases "where hierarchical relationships go out of control and end in violence" with relationships progressing in intensity and fear. She said that from the information that accumulates from the work she, Paul Mones, and other people have done, they build a model based upon "hundreds and hundreds of studies." Given the model, an interview of the client determines whether the client fits the model. Neither the state nor the trial court questioned Dr. Goetting about the various matters of concern in the majority opinion. I believe her testimony provided sufficient justification for the correlation she drew between battered wives and battered children. As for the majority opinion's concern regarding no evidence about Paul Mones' qualifications, Dr. Goetting

indicated that he was the lead expert in the country regarding battered children. Nothing in the record reflects that the trial court discredited her testimony.

Finally, the majority opinion concludes that the evidence did not reflect that the defendant met the recognized definition of a person suffering from "battered child syndrome." I disagree. Dr. Goetting recounted a history of events which the defendant experienced or about which the defendant was aware. She testified that although the defendant was older, his stroke rendered him more childlike and dependent. She said that he would have nowhere to go. She said he fit the model. I believe sufficient evidence was presented to allow the jury to hear from Dr. Goetting. In this regard, any lack of a prolonged pattern of abuse would go to the weight of her testimony, not its admissibility. I would reverse the conviction and remand the case for a new trial.

_____
JOSEPH M. TIPTON, JUDGE